No. 478

LIVINGSTON & CO. v. STREETER
19085. Supreme Court

On motion to certify. Dock. April 20, 1925; 3 Abs. 265.

1028. RES IPSA LOQUITUR—1. Does party waive right to rely upon doctrine of, by pleading several separate, distinct and specific allegations of negligence?

2. Where specific allegations of negligence have been set forth does doctrine apply so as to throw on adverse party the legal duty of going forward with an explanation; and is it defendant's duty to introduce evidence by way of affirmative relief?

Margaret Streeter brought an action for damages against the J. Livingston & Co. in the Cuyahoga Common Pleas, for injuries, which were alleged to have been sustained by her, while riding as a passenger in a Euclid Ave. street car. It appeared that while the car was at a stop at the intersection of East 9th and Euclid Ave., a two pound sledge hammer was permitted to drop, from the 21st floor of the Union Trust Bldg. by an employee of the Livingston Company. The sledge went through the roof of the car, and landed in the center aisle of the car. It was claimed by Streeter that she was struck by the hammer on the sternum bone, and ribs of her chest. The Livingston Co. admitted being negligent in dropping the hammer, but denied that the hammer struck Streeter.

A verdict was returned by the jury and judgment thereon was rendered in favor of Streeter for $22,500. Error was prosecuted and the Court of Appeals affirmed the judgment of the Common Pleas. The Livingston Company on taking the case to the Supreme Court claim:

1. That the court in its charge said in part, "thus raising a presumption of negligence

against the defendant company, and throws up-on it the duty of explanation." This improper-ly conveyed to the jury the impression that the Livingston Co. had a legal duty to introduce evidence by way of affirmative defense, that it was not negligent.

2. General charge was erroneous in that the Court stated that the doctrine o fres ipsa logui-tur applied.

3. The effect of the erroneous instruction to the jury was that prejudicial error and re-versible error was committed.

4. Res Ipsa Loquitur means that the facts of the occurrence warrant an inference of negli-gence, not that they compel such an inference; nor does res ipsa loquitur convert the com-pany's general issue into an affirmative defense. Klunk v. Railroad. 74 OS. 125.

5. The petition of Streeter was not based upon the theory of the doctrine of res ipsa loquitur, and by pleading specific and separate items of negligence, Streeter was precluded from and waive her right to rely upon the doctrine.

Attorneys—John H. McNeal for Company; Squire, Sanders and Dempsey, Thomas M. Kir-by, Bernon for Streeter; all of Cleveland.